■ In the Matter of MAMIE A. In the Matter of MARY ANN A. ANGEL GUARDIAN HOME, Appellant; EUGENE A. et al., Respondents.—In two proceedings pursuant to article 6 of the Family Court Act, the petitioner appeals from two orders (one in each proceeding) of the Family Court, both dated April 18, 1978 and entered in Kings County, which, after a hearing, dismissed the petitions to terminate parental rights. Orders reversed, on the law and the facts, without costs or disbursements, petitions granted and the proceedings are remitted to the Family Court for a dispositional hearing. The evidence adduced at the fact-finding hearing demonstrated that the parents are incapable of making substantial plans for the children's future. The father was urged by the petitioner's caseworker to attend alcoholic counsel programs but his attendance at those programs was, at best, sporadic. The mother has suffered from mental illness and has been hospitalized in the past. The parents' monthly visits with their children were brief, and although they were allowed to visit all day once a week, they never visited more than once a month for 15 to 30 minutes. Not only were they sometimes intoxicated on these occasions, but on the only overnight visit which the children made to them, one of the children received a severe unexplained burn for which the parents did not seek medical attention. This resulted in the filing of an abuse report. Although the parents have made the mentioned efforts to keep in contact with their children, the totality of the evidence indicates that they are incapable of making substantial plans for the future of the children or providing them with an adequate home life, notwithstanding the diligent efforts of the petitioner to strengthen the parental relationship (see Social Services Law, § 384-b, subd 7; *Matter of Orlando F.*, 40 NY2d 103, 110-111). Based on the foregoing, we find that the allegations of neglect were supported by a fair preponderance of the evidence adduced at the fact-finding hearing. Accordingly, the orders of the Family Court dismissing the petitions should be reversed and the proceedings remitted to the Family Court for a dispositional hearing pursuant to section 625 of the Family Court Act. Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.